Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| JOSÉ A. RESTO PAGÁN<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | KLRA202400516 | REVISIÓN JUDICIAL Procedente del Departamento de Corrección y Rehabilitación<br><br>Núm.:<br>CD-154-2024<br><br>Sobre: Solicitud de Aplicación Ley 66 |

Panel integrado por su presidenta, la Juez Brignoni Mártir, la Jueza Álvarez Esnard y la Jueza Prats Palerm

Álvarez Esnard, jueza ponente.

## SENTENCIA

En San Juan, Puerto Rico, a 30 de septiembre de 2024.

Comparece ante nos José A. Resto Pagán ("Recurrente" o "señor Resto Pagán") por derecho propio, mediante el presente recurso recibido el 17 de septiembre de 2024. Por virtud de este, el Recurrente, quien se identifica como un miembro de la población correccional, solicita que se le conceda el remedio solicitado. No obstante, del recurso que está ante nuestra consideración, no surge una narración del trámite procesal, no se especifica cual es el remedio solicitado, ni tampoco se identifica en que incidió la agencia recurrida.

Por los fundamentos expuestos a continuación, **desestimamos** el presente recurso por falta de jurisdicción.

### I.
#### A. Jurisdicción

Como cuestión de umbral, antes de considerar los méritos de un recurso, a este Tribunal le corresponde determinar si posee jurisdicción para atender el recurso ante su consideración. *Véase SLG Solá-Moreno et al v. Bengoa Becerra,* 182 DPR 675, 682 (2011).

Número Identificador

SEN(RES)2024_____

"Es norma reiterada que los tribunales deben ser celosos guardianes de su jurisdicción y el foro judicial *no* tiene discreción para asumir jurisdicción allí donde no la hay". *García Ramis v. Serrallés*, 171 DPR 250, 254 (2007) (Énfasis en el original). *Véase, también, Beltrán Cintrón et al. v. ELA et al.,* 204 DPR 89, 101 (2020). Esto nos impone el deber de examinar la jurisdicción antes de expresarnos.

Cuando los tribunales carecen de jurisdicción deberán así declararlo y desestimar el recurso. *Véase González v. Mayagüez Resort & Casino,* 176 DPR 848, 855-856 (2009).

> Reiteradamente hemos expresado que la ausencia de jurisdicción sobre la materia da lugar a las consecuencias siguientes: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio. Beltrán Cintrón et al. v. ELA et al., supra,* págs. 101-102 (Comillas y citas omitidas). *Véase, también, SLG Solá-Moreno et al. v. Bengoa Becerra, supra,* pág. 682.

Como corolario de ello, la Regla 83(C) del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83(C), nos faculta para desestimar un recurso por falta de jurisdicción, a iniciativa propia.

### B. *Revisión Judicial de Decisiones Administrativas*

La revisión de decisiones administrativas se rige por la *Ley de la Judicatura de Puerto Rico*, 4 LPRA sec. 24u; la *Ley de Procedimiento Administrativo Uniforme* ("LPAU"), 3 LPRA secs. 9601 *et seq.* y la Parte VII de nuestro Reglamento, 4 LPRA Ap. XXII-B. En particular, la Sección 4.2 de la LPAU sujeta el ejercicio de la revisión administrativa al cumplimiento con dos requisitos: que se solicite revisión de una orden o resolución final y se hayan agotado

los remedios administrativos. 3 LPRA sec. 9672. Nuestro Tribunal Supremo ha expresado que:

> *Sobre este particular, es menester señalar que este Tribunal ha reconocido que esta sección limitó la revisión judicial de decisiones administrativas a aquellas instancias que cumplan con dos requisitos, a saber: (1) que se trate de órdenes o resoluciones finales y (2) que la parte que solicita la revisión haya agotado todos los remedios provistos por la agencia administrativa. AAA v. UIA,* 200 DPR 903, 912 (2018) (Énfasis en el original) (Citas omitidas).

No empece que la LPAU establece la definición específica del término orden o resolución final, la misma dispone claramente en la Sección 3.14 los requisitos que debe contener. 3 LPRA sec. 9654. Además, el Tribunal Supremo ha sido enfático y ha reiterado que una orden o resolución final será "se trata de aquella determinación de la agencia administrativa que pone fin a los procedimientos en un foro determinado y tiene un efecto sustancial para las partes". *AAA v. UIA, supra,* pág. 912-913 (Citas omitidas). En vista de lo anterior, si no se recurre de una orden o resolución final, el Tribunal de Apelaciones carece de jurisdicción y está impedido de revisar la decisión administrativa.

**II.**

Expuesto el marco jurídico y ponderado el recurso de epígrafe, es forzoso concluir que el Recurrente no ha puesto a este Foro en condiciones para resolver su recurso. No surge de los planteamientos esbozados por el señor Resto Pagan, cuál es la determinación recurrida, cuales fueron los hechos procesales del caso y qué remedio nos solicita. De la misma forma, del expediente no consta que el Recurrido haya cumplimentado el formulario para comparecer *in forma pauperis.* Finalmente, de los documentos contenidos en el expediente, se desprende una *Resolución de Reconsideración* la cual se notificó el 27 de junio de 2024. Si el Recurrente pretendía recurrir de dicha determinación, tenía hasta el lunes 29 de julio de 2024 para así hacerlo. Sin embargo, como

adelantamos, el presente recurso se presentó el 17 de septiembre de 2024, por lo cual el señor Resto Pagán lo presentó de manera tardía.

Por consiguiente, luego de examinar el recurso ante nuestra consideración, concluimos que este adolece de defectos que impiden que ejerzamos nuestra función revisora.

**III.**

Por los fundamentos expuestos, **desestimamos** el presente recurso por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones